UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLO GARCIA, | No. C 09-5369 SI (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| GARY SANDOR, warden, | |
| Respondent. | |

## INTRODUCTION

Marcello Garcia, an inmate at Ironwood State Prison, filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Garcia's petition provides the following information: Garcia was convicted in Santa Clara County Superior Court of two sex offenses against minors. He was sentenced on October 25, 2006 to 30 years to life in prison. Garcia appealed. His conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court. He then filed this action.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The petition alleges five claims: (1) the prosecutor's misstatement of the law relating to the force element of the offense denied petitioner his right to due process, (2) "misinstruction on the fear element of forcible sodomy requires reversal," Petition, p. 6, (3) admission of uncharged prior sex offenses violated petitioner's right to a fair trial, (4) the CALCRIM 852 jury instruction violated petitioner's rights to due process and proof beyond a reasonable doubt, and (5) the CALCRIM 220 jury instruction is a constitutionally defective reasonable doubt standard. Liberally construed, the petition presents cognizable federal habeas claims.

## CONCLUSION

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **April 30, 2010**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the

answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **June 4, 2010**.

IT IS SO ORDERED.

DATED: February 11, 2010

                                          SUSAN ILLSTON
                                     United States District Judge