UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELLO GARCIA,<br><br>       Petitioner,<br><br>  v.<br><br>GARY SANDOR, warden,<br><br>       Respondent._____ / | No. C 09-5369 SI (pr)<br><br>**ORDER FOR PETITIONER TO MAKE ELECTION REGARDING UNEXHAUSTED CLAIM** |

## INTRODUCTION

Marcello Garcia filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the petition should not be granted on five claims. Respondent has moved to dismiss on the ground that state court remedies had not been exhausted for one of the claims. Petitioner has not opposed the motion. For the reasons discussed below, the court finds that state court remedies were not exhausted for one of the claims and requires petitioner to choose how to deal with this problem.

## BACKGROUND

The petition challenges Garcia's 2006 conviction in Santa Clara County Superior Court of two sex offenses against minors. He was sentenced on October 25, 2006 to 30 years to life in prison. Garcia appealed. On appeal, his conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court. Neither party has presented any evidence that he petitioned for writ of habeas corpus in the California Supreme Court.

**DISCUSSION**

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c).

The federal habeas petition alleged five claims: (1) the prosecutor's misstatement of the law relating to the force element of the offense denied petitioner his right to due process, (2) "misinstruction on the fear element of forcible sodomy requires reversal," Petition, p. 6, (3) admission of uncharged prior sex offenses violated petitioner's right to a fair trial, (4) the CALCRIM 1191[1] jury instruction violated petitioner's rights to due process and proof beyond a reasonable doubt, and (5) the CALCRIM 220 jury instruction is a constitutionally defective reasonable doubt standard.

The court has compared the petition for review filed in the California Supreme Court with the federal habeas petition to determine whether all the claims in the latter were included in the former. They were not. Garcia presented to the California Supreme Court his claims 1, 3, 4, and 5. Those claims are exhausted. Garcia did not present to the California Supreme Court his claim 2 – i.e., that "misinstruction on the fear element of forcible sodomy requires reversal," Petition, p. 6. Claim 2 is unexhausted.

Garcia's federal petition contains both exhausted and unexhausted claims and therefore is a "mixed" petition. See Rhines v. Weber, 544 U.S. 269, 277 (2005). The court cannot adjudicate the merits of a habeas petition containing any claim as to which state remedies have not been exhausted, such as a mixed petition. See Rose v. Lundy, 455 U.S. 509, 522 (1982); cf.

---

[1] The court originally identified the challenged instruction as CALCRIM 852, as that was the number used in the federal habeas petition and the argument heading in the petition for review. However, respondent points out that the text of the petition for review discusses CALCRIM 1191. In the context of this case and the evidence to which the instruction pertained, it appears that CALCRIM 1191 (regarding evidence of uncharged sex offenses), rather than CALCRIM 852 (regarding evidence of uncharged domestic violence), is the challenged instruction.

1  28 U.S.C. § 2254(b)(2) (petition may be denied (but not granted) notwithstanding failure to
2  exhaust).
3         Due to a critical one-year statute of limitations on the filing of federal habeas petitions
4  under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), see 28 U.S.C. §
5  2244(d), the court is reluctant to dismiss the mixed petition (and possibly cause a later-filed
6  petition to be time-barred) without giving Garcia the opportunity to elect whether to proceed
7  with just his exhausted claims, or to try to exhaust the unexhausted claim before having this
8  court consider all his claims. Accordingly, instead of an outright dismissal of the action, the
9  court will allow Garcia to choose whether he wants to –
10        (1) dismiss the unexhausted claim and go forward in this action with only the exhausted
11           claims, or
12        (2) dismiss this action and return to state court to exhaust all claims before filing a new
13           federal petition presenting all of his claims, or
14        (3) file a motion for a stay of these proceedings while he exhausts his unexhausted claim
15           in the California Supreme Court.
16 Garcia is cautioned that the options have risks which he should take into account in deciding
17 which option to choose. If he chooses option (1) and goes forward with only his exhausted
18 claims, he may face dismissal of any later-filed petition. See 28 U.S.C. § 2244(b). If he chooses
19 option (2), dismissing this action and returning to state court to exhaust all claims before filing
20 a new federal petition, his new federal petition might be rejected as time-barred. See 28 U.S.C.
21 § 2244(d). If he chooses option (3), he must file a motion in this court to obtain a stay and (if
22 the motion is granted) then must act diligently to file in the California Supreme Court, to obtain
23 a decision from the California Supreme Court on his unexhausted claim, and to return to this
24 court. And under option (3), this action stalls: this court will do nothing further to resolve the
25 case while petitioner is diligently seeking relief in state court.
26        In Rhines, the U.S. Supreme Court discussed the stay-and-abeyance procedure for mixed
27
28

3

1 habeas petitions.[2] The Court cautioned district courts against being too liberal in allowing a stay 2 because a stay works against several of the purposes of the AEDPA in that it "frustrates 3 AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of 4 the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas 5 proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior 6 to filing his federal petition." Rhines, 544 U.S. at 277. A stay and abeyance "is only appropriate 7 when the district court determines there was good cause for the petitioner's failure to exhaust his 8 claims first in state court," the claims are not meritless, and there are no intentionally dilatory 9 litigation tactics by the petitioner. Id. at 277-78. Any stay must be limited in time to avoid 10 indefinite delay. Id. Reasonable time limits would be 30 days to get to state court, as long as 11 necessary in state court, and 30 days to get back to federal court after the final rejection of the 12 claims by the state court. See id. at 278; Kelly v. Small, 315 F.3d at 1071.

13 Petitioner is cautioned that, if he chooses to request a stay to exhaust the unexhausted 14 claim, he needs to identify the federal constitutional basis for his claim in both the California 15 Supreme Court and this court. Also, he needs to provide a short statement of facts explaining 16 his claim – his one sentence claim does not adequately alert any court as to the particular 17 infirmity he sees in the instruction.

---

[2]There is an alternate stay procedure for a petitioner who has some unexhausted claims he wants to present in his federal habeas action, but it often is unhelpful because statute of limitations problems may exist for claims that are not sufficiently related to the claims in the original petition. Under the procedure outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." King v. Ryan, 564 F.3d 1133, 1134 (9th Cir. 2009) (citing Kelly, 315 F.3d at 1070-71). A petitioner seeking to avail himself of the Kelly three-step procedure is not required to show good cause as under Rhines, but rather must show that the amendment of any newly exhausted claims back into the petition satisfies both Mayle v. Felix, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and Duncan v. Walker, 533 U.S. 167 (2001), by complying with the statute of limitations. King, 564 F.3d at 1141-43.

## CONCLUSION

Respondent's motion to dismiss is GRANTED.  (Docket # 5.)

Petitioner must file no later than **February 14, 2011**, a notice in which he states whether he elects to (1) dismiss the unexhausted claim and go forward in this action with only the remaining claims, or (2) dismiss this action and return to state court to exhaust all of his claims before returning to federal court to present all of his claims in a new petition, or (3) moves for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claim. If he chooses Option (1) or Option (2), his filing need not be a long document; it is sufficient if he files a one-page document entitled "Election By Petitioner" and states simply:  "Petitioner elects to proceed under option ___ provided in the court's Order On Initial Review."  Petitioner would have to insert a number in place of the blank space to indicate which of the first two options he chooses.  If he chooses Option (3), no later than **February 14, 2011**, petitioner must file a motion for a stay in which he explains why he failed to exhaust his unexhausted claim in state court before presenting them to this court, that his claims are not meritless, and that he is not intentionally delaying resolution of his constitutional claims.   If he wants to file a motion under King/Kelly to amend his petition (to delete the unexhausted claim) and to stay this action while he exhausts state court remedies for the unexhausted claim, he may do so no later than **February 14, 2011**.  If petitioner does not choose one of the three options or file a motion by the deadline, the court will dismiss the unexhausted claim.

IT IS SO ORDERED.

DATED: January 11, 2011

SUSAN ILLSTON
United States District Judge